UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE EAGLIN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-1793 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Lawrence Eaglin pled guilty to burglary of a habitation with intent to commit sexual assault in the 209th District Court of Harris County, Texas. That court sentenced him to 35 years imprisonment.

This case is before the Court on Eaglin's petition for a writ of habeas corpus and respondent Lorie Davis' motion to dismiss which, as explained below, the Court will treat as a motion for summary judgment. Having carefully considered the petition, the motion, Eaglin's response to the motion, all the arguments, evidence, and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted.

## I.    Background

Eaglin filed a federal petition for a writ of habeas corpus contending that he has been improperly denied release to mandatory supervision, and that he has been denied the benefit of earned time credits. Eaglin does not challenge his conviction or sentence.

On June 18, 2015, this Court dismissed Eaglin's petition as time-barred and, alternatively, on the grounds that Eaglin was not entitled to mandatory supervision. On September 6, 2016, the Fifth Circuit vacated the judgment and remanded the case to this Court

for further proceedings on both Eaglin's eligibility for mandatory supervision, and whether his petition is timely. *Eaglin v. Davis*, No. 15-20361 (5th Cir. Sept. 7, 2016).

This Court ordered supplemental briefing following the remand, and granted in part the respondent's motion to dismiss regarding Eaglin's eligibility for mandatory supervision. An issue concerning the calculation of Eaglin's time credits following the revocation of his parole remained. The Court ordered supplemental briefing on this issue. Respondent now seeks dismissal of the remaining claim. Eaglin opposes the motion.

## II.    The Applicable Legal Standards

While the supplemental briefs were submitted in connection with the respondent's motion to dismiss, the respondent's brief contains an affidavit and a copy of relevant records. Because respondent relies on material outside the pleadings, this will be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court gave Eaglin an opportunity to submit evidence in opposition to the motion, and Eaglin did so. *See* Doc. # 40.

### A.    The Antiterrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).

### B.  The Standard for Summary Judgment in Habeas Corpus Cases

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000).  In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor.  *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981).  In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

### C.  Statute of Limitations

Respondent argues that Eaglin's petition is barred by the statute of limitations.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a State prisoner has one year in which to file a federal habeas corpus petition.  *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002).

Eaglin was released to parole on October 31, 2005.  His parole was revoked on November 7, 2011.  Respondent argues that he knew, or should have known, about the lost time credits as of the revocation date.

Eaglin presents evidence that he promptly disputed the nature of his release in 2006.  He received a parole certificate, but argued that he was entitled to mandatory supervision.  *See* Doc.

# 40, at Exh. A6. He argues, and his evidence indicates that he believed at the time, that good time credits culminating in mandatory supervision are irrevocable. *Id.* Eaglin contends that he was informed by a Texas state official that the dispute would be resolved, and that he first learned that it was not resolved on or about June 5, 2012, when he received a document from the Texas Department of Criminal Justice. *Id.* at Exh. A10. He presents evidence indicating that he attempted to resolve the dispute internally beginning on June 7, 2012. *Id.*, Exh. A11, at 2. He filed a formal time credit dispute on August 23, 2012. Respondent's Motion to Dismiss (Doc. # 33), Exh. A. That dispute was denied on August 24, 2012.

Construing the facts in the light most favorable to Eaglin, he learned of the dispute no later than June 7, 2012. He attempted to resolve the dispute through an informal inquiry to a Corrections official who, according to Eaglin's evidence, previously advised him that she would correct any errors in the time calculation. Doc. # 40, Exh. A11, at 2. He apparently became convinced that his informal request would not be sufficient by August 23, 2012, when he filed his time credit dispute. Assuming that Eaglin's delay in filing his time credit dispute was based on his reasonable reliance on statements made by Corrections officials, he might be entitled to some equitable tolling. it is beyond dispute, however, that he knew no later than August 24, 2012 that the dispute would not be resolved in his favor. Eaglin did not file his state habeas corpus application challenging the loss of time credit until September 19, 2013. *See* Doc. # 6-9, at 48.

The statute of limitations is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim is pending . . .." 28 U.S.C. § 2244(d)(2). Because Eaglin filed his state habeas corpus application more than one year after he learned that the dispute would not be resolved in his

favor, there was no limitations period left to toll. Eaglin filed his federal petition for a writ of habeas corpus no earlier than June 19, 2014. *See* Doc. # 1, at 23. Because Eaglin's limitations period expired no later than August 24, 2013, he filed his federal petition at least nine months and 26 days too late. His claims are therefore barred by the statute of limitations.

**D.**     **Lost Time Credit**

Time bar notwithstanding, Eaglin is not entitled to relief on the merits of his claims. Eaglin argues that the State wrongly revoked his good time and street time credit when his parole/mandatory supervision was revoked. An inmate, however, has no constitutional right to good time credit. *See, e.g.*, *Hamill v. Wright*, 870 F.2d 1032, 1036 (5th Cir. 1989); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997)("there is no protected liberty interest in the restoration of good time credits"). Moreover, Texas law specifically provides that a prisoner who has his parole or mandatory supervision revoked must serve the remainder of his term "without credit for the time from the date of the person's release to the date of revocation." TEX. GOV'T CODE § 508.283(b). Because Texas law provides for the revocation of Eaglin's street time credit and he has no constitutional right to retain his good time credit, Eaglin fails to identify any violation of his constitutional rights.

**III.**     **Certificate of Appealability**

Eaglin has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an

appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Eaglin's' petition and concludes that it is barred by the statute of limitations, and that his claims lack merit. The court concludes that jurists of reason would not find this Court's ruling debatable, and that Eaglin has failed to make a substantial showing of the denial of a constitutional right. This Court concludes that Eaglin is not entitled to a certificate of appealability.

## IV.     Conclusion

For the foregoing reasons, respondent's motion for summary judgment is granted. Eaglin's petition is dismissed with prejudice.

## V.     Order

It is ORDERED as follows:

A.     Respondent Lorie Davis' motion for summary judgment (Doc. #33) is GRANTED;

B.     Petitioner Lawrence Eaglin's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITH PREJUDICE;

C.     No Certificate of Appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 14th day of February, 2018.

_____
Kenneth M. Hoyt
United States District Judge